# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 10-8934-GW(AGRx) |
| Date | April 28, 2011 |
| Title | United States of America v. 671,160.00 In U.S. Currency |

---

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Katharine Schonbachler, AUSA         Victor Sherman

**PROCEEDINGS:** **PLAINTIFF'S MOTION TO STRIKE CLAIM AND ANSWER OF CLAIMANT MIKE IONITA AND ENTER DEFAULT JUDGMENT (filed 02/17/11)**

Court hears oral argument. The tentative circulated is attached and adopted as the Court's final ruling. The Government will provide all probable cause materials to the Court by May 25, 2011. Counsel for defendant may file a response to the materials by May 25, 2011.

Plaintiff's Motion to Strike Claim and Answer of Claimant Mike Ionita and Enter Default Judgment is continued to **June 2, 2011 at 8:30 a.m.**

:  08

Initials of Preparer   JG

*United States v. $671,160.00*, Case No. CV-10-8934
Tentative Ruling on Motion to Strike Claim and Enter Default

## I. Introduction

Plaintiff United States of America ("Plaintiff" or "Government") moves the Court for an order striking the Claim and Answer of Claimant Mike Ionita ("Claimant") and entering a Default Judgment in this asset forfeiture case. The motion is brought pursuant to the statutory fugitive disentitlement doctrine, codified at 28 U.S.C. § 2466, which permits a court to strike a claim and answer filed by a person who is a fugitive from justice, under circumstances prescribed in the statute.

## II. Background

The facts underlying this forfeiture proceeding are described in Claimant's Opposition Brief approximately as follows. Claimant is one of two individuals charged in the Superior Court of the State of California for the County of Los Angeles, for the crime of possession of money or instruments over $100,000 in narcotics proceeds, in violation of California Health and Safety Code Section 11370.6. On May 2007, Claimant was stopped in a traffic stop by an El Monte Police Officer who believed that he had probable cause to search Claimant's car for narcotics. When the officer opened the trunk of the car, he discovered a duffle bag and a suitcase, both of which were determined to contain United States currency. Based on his opinion that the currency had been used in a narcotics transaction, the officer seized the currency to turn over to the DEA "for further investigation and forfeiture proceedings" and allowed Claimant to proceed on his way.

Between when he was stopped in May 2010 and November 2010, Claimant returned to his native country - Canada. On November 19, 2010, the United States filed the instant forfeiture complaint alleging that Anaheim police officers had observed Claimant meeting earlier on the day of his traffic stop with Robert Russell Allen, an individual with an extensive criminal history including arrests and convictions for cocaine conspiracy and money laundering, in the parking lot of a Double Tree Hotel in Ontario, California. See Complaint ¶ 9. Because the Anaheim police officers believed that they had witnessed conduct consistent with a delivery of drugs or drug-related money, they requested that the El Monte police officer conduct the "traffic stop" of Claimant during which the currency in this case was seized.

On December 20, 2010, Claimant filed a verified claim for the currency, asserting that he was both the lawful owner and possessor of the defendant property. On December 21, 2010, the State of California filed a criminal complaint against Claimant and Mr. Allen. An arrest warrant was issued on the same day. Although the Los Angeles County Bail Schedule sets the presumpive bail for an offense having a high term of four years (such as § 11370.6) at $25,000, bail in the case was set at $600,000.

## III. Standard

28 U.S.C. Section 2466(a) provides as follows:

-1-

> (a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person -
> (1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution -
> (A) purposely leaves the jurisdiction of the United States;
> (B) declines to enter or reenter the United States to submit to its jurisdiction; or
> (C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and
> (2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

Thus, in order to dismiss a claim under the fugitive disentitlement statute, the following elements must be shown:

> (1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension; (2) the claimant must have had notice or knowledge of the warrant; (3) the criminal case must be related to the forfeiture action; (4) the claimant must not be confined or otherwise held in custody in another jurisdiction; and (5) the claimant must have deliberately avoided prosecution by (A) purposefully leaving the United States, (B) declining to enter or reenter the United States, or (C) otherwise evading the jurisdiction of a court in the United States in which a criminal case is pending against the claimant.

United States v. $6,190.00 in U.S. Currency, 581 F.3d 881, 886 (9th Cir. 2009).

**IV. Analysis**

Here, Claimant concedes that all but the fifth element - whether Claimant has deliberately avoided persecution by declining to reenter the United States - has been established. Claimant relies extensively on United States v. $6,976,934.65, 554 F.3d 123 (D.C. Cir. 2009), which held, inter alia, that "mere notice or knowledge of an outstanding warrant, coupled with a refusal to enter the United States, does not satisfy the statute." Id. at 132. As the Government observes, however, in that case the court found that there was evidence of other reasons for the claimant's refusal to reenter the United States. Id. Here, there is no evidence or argument suggesting any reason for Claimant's refusal to reenter the United States other than a desire to avoid prosecution. Indeed, the government asserts that Claimant's statement that the bail in his criminal case "makes it impossible for him to return to the United States" may be construed as an admission to that effect.

Nevertheless, there may be good reasons to decline to grant the Government's motion. As Claimant observes, it is not entirely clear that the Government has properly raised this

issue in a motion to strike. As the Sixth Circuit observed in United States v. Salti, 579 F.3d 656, 666 (6th Cir. 2009):

> At an early stage of the $6,976,934.65 case discussed supra, the district court acknowledged that it was "considering the strong step of disallowing a claim in a forfeiture action" and "desire[d] to ensure that the claimant [received] a full hearing on the question of disentitlement." $6,976,934.65, 478 F. Supp. 2d at 45. The court declined to dismiss the claim, but instead "convert[ed] the government's motion under § 2466 to one for partial summary judgment under Rule 56, and permit[ted] . . . the parties 90 days to conduct limited discovery on the applicability of the fugitive disentitlement statute." Id. at 45-46. Discovery was expressly limited to the fugitive disentitlement question, and the petitioner was reminded that the court could impose sanctions, including deeming certain matters conceded and dismissing with prejudice, if the petitioner refused to cooperate with the Government's discovery requests.

The Government's only response to Claimant's procedural objection is to "respectfully request[] that, should the Court conclude that the record is insufficient to make a finding on Claimant's reason for remaining outside the United States, the Court order Claimant to be present in court for the hearing on the government's motion." Reply 6:10-14. That response is not helpful. The Court has some doubts about whether it would be appropriate to strike Claimant's claim or order him to return to this country upon penalty of forfeiting his claim to the defendant res here without providing him some opportunity to develop the record on this issue.

At the same time, Claimant protests too much. The Government notes that Claimant, in his responses to the Government's Rule G interrogatories, has refused to provide any information at all, declining on the bases of the Fourth and Fourteenth Amendments and 19 U.S.C. § 1615 to state even his name, or to provide any description whatsoever of his interest in the defendant currency or the circum-stances by which he acquired it. To the extent that Claimant seeks to argue a lack of probable cause in the underlying criminal case as a basis for the Court to decline to strike his claim, the arguments are, for the moment at least, unpersuasive. As the Government notes, the reason there has not been a preliminary hearing in the state criminal case is because Claimant has not surrendered on the charges against him. The purpose of the disentitlement doctrine is to "prohibit an individual from using the courts to further one claim while avoiding the courts' jurisdiction on another matter." See United States v. $6,190.00 in U.S. Currency, 582 F.3d 881, 885 (9th Cir. 2009).

Claimant correctly notes the decision whether to order disentitlement is discretionary. See $6,190.00, 581 F.3d at 886 (quoting Collazos, 368 F.3d at 198). "The statutory fugitive disentitlement doctrine does not provide any guidance as to factors courts should consider in exercising their discretion. United States v. All Funds on Deposit at Citigroup Smith Barney Account No. 600-00338, 617 F. Supp. 2d 103, 125 (E.D.N.Y. 2007). While the Government is not required to make a threshold showing of the merits of its forfeiture action before obtaining a dismissal of a claim, other considerations are warranted. As the court in the Smith Barney

Account No. 600-00338 case stated:

> If Congress had wanted to require the Government to make a certain threshold showing that its civil forfeiture claim had merit before the fugitive disentitlement doctrine was applied, it could have required that such a showing be made. Congress, however, enacted no such requirement. This is not to suggest that a court should never consider the merits of the civil forfeiture claim in determining whether to apply the disentitlement doctrine. If there is evidence that the Government is overreaching or that the criminal charges were brought for the purpose of bolstering a related civil forfeiture case, see 146 Cong. Rec. S1753-02, *S1761 (March 27, 2000) (Senator Leahy) ("Opponents of the fugitive disentitlement doctrine say that the prosecutors have gone so far as to indict people whom they know will never return to this country, so that they can invoke the doctrine in civil forfeiture proceedings against such persons' U.S. assets."), it may be appropriate to consider the merits of the civil forfeiture case in determining whether to apply the disentitlement doctrine.

Id. at 126-127. Here, there is at least one indication of criminal charges being brought for the purpose of bolstering a related civil forfeiture case, i.e. the timing of the criminal charges in connection with the filing of Claimant's claim in the forfeiture action.

Plaintiff observes that the court in United States v. $6,976,934.65 Plus Interest, 486 F. Supp. 2d 37 (D.D.C. 2007), determined that resolution of the § 2466 constituted a threshold issue for the courts to resolve prior to reaching the merits of any argument raised by a claimant. The court reasoned that "a §2466 motion is "similar to a subject matter jurisdiction or standing inquiry, not a merits inquiry. . . . a threshold inquiry 'concerned, at heart, with a person's eligibility to invoke the authority of a court, and with the court's deployment of judicial resources." Id. at 38. As that decision is not binding here, this Court has decided to be somewhat more circumspect.

## V. Conclusion

The present motion is somewhat close, although it would appear that the Government has met all of the elements under § 2466. Nevertheless, the Government is ordered to provide to this Court the "official reports and documents" used to establish probable cause for the arrest of the Claimant which is referenced on page 2 of the Felony Complaint for Arrest Warrant that is attached as Exhibit A to the Government's Request for Judicial Notice, Docket Item No. 13. In addition, the Court will allow Claimant to make an offer of proof at the hearing as to any further showing that he would make on the matters raised in the § 2466 motion. However, the Claimant should be prepared to demonstrate how he would be able to present those items in these proceedings given his past position of not responding to discovery requests based on the Fourth and Fourteenth Amendments and 19 U.S.C. § 1615.